Name of Court

    UNITED STATES DISTRICT COURT
    DISTRICT OF NEW JERSEY

Title of Action:

Hall McNeal White, Jr. / Temporary Pro-see Litigant for filing
58 Tyrell Avenue
Trenton, NJ 08638

    ← Plaintiff,

    -Vs-

Lennox S. Hinds, Esquire
Stevens, Hinds & White, P.C.
116 West 111th Street
New York, NY 10026

RECEIVED
DEC 11 2013
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Dated: 12/11/13

## JURISDICTION

Mal-practice Claim/Civ. Action

Jurisdiction of the United States District Court, District of New Jersey to hear, adjudicate and dispose of this matter complaint refers to suits under Fed. law. to be stated. Where jurisdiction arises under the constitution of the United States, an amendment to the constitution, an act of congress or a treaty of the United States. This/these matter(s) occurred within the geographic location and jurisdiction of this court.

## CAUSE OF ACTION

On December 11, 2007, plaintiff's motion to amend complaint filed on October 26, 2007, by plaintiff's attorney, Lennox S. Hinds in Civil Action No. 06-5177 (FLW) in order to name police officers Christopher L. Kurfurs, Jason D. Kmiec and Gary Robinson, as well as Sergeant L. Gonzales and Lieutenant K. Cooper as defendants this matter [Docket Entry No. 26] was denied by the Honorable Tonianne J. Bongiovanni, United States Magistrate Judge.

This motion was denied chiefly for no

6/

explanation, no supportive and convincing arguments, negligence, etc., and failure to act with due diligence in obtaining the true names of the above named, Police officers and consequently could not take advantage of New Jersey's fictitious party rule, and in similarity, was not appropriate under FED R. CIV. P. 15(c)(3) and hence R. 4:9-3; and the court further found that relation back was not warranted under FED R. CIV. P. 15(c)(3) because despite plaintiff's claim that the Police officers named herein received constructive notice at the institution of the action before and within the period provided by Rule 4(m) for serving of the summons and complaint (Pl. Br at 2-3 (emphasis in original)), there was or is nothing beyond plaintiff's conclusory allegations to this effect to support this theory.

The court found that more importantly, in order to satisfy FED. R. CIV. P. 15(c)(3), actual notice is needed and mere notice of the existence of litigation is not sufficient (Cruz, 898 F.Supp. at 1116), and the court further found that the evidence submitted by plaintiff suggests that these officers did not receive timely notice of the institution of this action as required by FED. R. CIV. P. 15(c)(3) and R. 4:9-3; and that because

2/

plaintiff's proposed amendments did not or do not relate back to the date of the original pleading, they are futile because they are barred by the applicable limitations. A copy of the federal dismissal or denial order in detail or completeness is attached as Exhibit #1 for easy reference.

The original Civ. Action complaint was filed December 27, 2006. See Exhibit #2.

The Second Amended complaint was filed on October 27, 2006. See Exhibit #3.

Count #1: As a result or consequence of such late filing by attorney Hinds to amend the names of the police officers after the (2) two years statutory limitation, plaintiff's counts 1 and 2 of plaintiff's amended complaint were dismissed on December 12, 2008, by Federal Trial Judge Freda L. Wolfson. See Exhibit #4, Judge Wolfson's dismissal order.

Due to the negligence of attorney Hinds, Plaintiff lost his right to sue police officers Kmecie and Kurfus for their false arrest of plaintiff on November 8, 2004. This right in paragraph #27 in plaintiff's Second Amended is stipulated as follow: 27. "In the manner described herein, an unreasonable seizure under

3/

the Fourth Amendment to the Constitution of the United States, to be free from the deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States and to be free from punishment without due process under the Fourteenth Amendment to the Constitution of the United States".

Count #2: Plaintiff has been denied the right to sue officers Kmiec and Kurfuss for their wrongful acts against plaintiff, preparing false criminal charge(s) Plaintiff and falsifying police reports. Paragraphs 27-30 of plaintiff's second cause of action which he lost due to attorney Hind's negligence read as follow:

"28. Paragraphs 1-27 are incorporated herein by reference. 29. In an attempt to cover up their wrongful acts, Defendants Kurfuss and Kmiec conspired among themselves and falsely charged Plaintiff with obstructing justice under NJSA 2C:29-1a in violation of 42 U.S.C. §1983.

30. As a direct and proximate result of the acts and omissions of Defendants described herein, Plaintiff was required to appear before the Trenton Municipal court as an accused

4/

Criminal pursued the charges being dismissed on January 20, 2005. Also, plaintiff's arrest and treat at the hands of Defendants caused him great mental, emotional and physical pain and anguish.

Count #3: Plaintiff was denied his constitutional right and denied civil litigation against John Does I-III (3) for improper discharge of their duties as police officers with respect to arresting only with probable cause and not using excessive force.

John Doe I = P.O. Christopher J. Kurfus

John Doe II = P.O. Jason D. Kmiec

John Doe III = P.O. Gary Robinson

John Doe IV = P.O. Sgt. L. Gonzales; and

John Doe V = Police Officer (P.O.) Lt. K. Cooper.

Paragraphs #24-28: The city, the police Department and Police Chief failed to adequately train, supervise and discipline their police officers generally and specifically the individually name defendants. Plaintiff lost this claim due to attorney Hinds negligence. (see Exhibit #3).

Count #4 Plaintiff was falsely arrested on 2/7/05 by P.O. defendants named above. In the matter described herein, plaintiff lost this claim

5)

depriving plaintiff of his rights to be free from deprivation of liberty under the Fourteenth Amendment to the constitution of the United States. (See Exhibit #2) and (See Exhibit #3)

Count #5 paragraphs #49-51.

Plaintiff lost this claim. Upon information and belief, this second illegal arrest of plaintiff on 2/7/05, by defendants was motivated by defendants Kurfuss and Kimiec's personal animus toward plaintiff since the latter/plaintiff had filed a Notice of Claims against defendants, the City of Trenton, the Trenton Police Department, Kurfus, and Kimiec on February 4, 2005.

#50. Thus, this arrest was an oppressive and unlawful attempt to limit plaintiff's access to the courts, and an unlawful and malicious attempt to harass, intimidate and punish plaintiff in violation of his constitutional rights under the First and Fourteenth Amendments. #51. Plaintiff was also severely choked and unjustly beaten and punished in violation of the Fourteenth Amendments to the United States constitution.

Count #6: (#52-54) Paragraphs 1-51 are incorporated herein by reference.

#53. "As a direct and proximate result of the acts and omissions of defendants described herein, plaintiff was required to appear before the Trenton Municipal court as an accused criminal prior to the charges being dismissed on August 29, 2005. Also, his arrest and treatment at the hands of defendants caused him mental, emotional and pain and anguish."

#54. "In an attempt to cover up their wrongful acts,

(7)

Defendants conspired among themselves and falsely charged plaintiff with the crimes of assault under NJSA 2C:12-1(a) and disorderly conduct under NJSA 2C:33-2a, in violation of 42 U.S.C. §1983. Plaintiff lost this claim because defendants named John Does I-V were acquitted of liabilities by not being named correctly within the statutory limitation due to attorney Hinds negligence. Only one police officer, Rossetti was held responsible and liable for plaintiff's false arrest. (see Exhibit #3, (see 2nd summary motion judgment by the court Exhibit #5) opinion of court
( " 1st " " " " " " " " Exhibit#6) opinion of the court

Count #7: (#55-57) #55 Paragraphs 1-54 are incorporated herein by reference.

#56. "The City, Police Department, and Director of police J. Santiago, through their police officers, agents and/or employees, violated plaintiff's constitutional rights by their failure to adequately train, supervise and discipline their police officers generally and specifically including named defendants Kurfess, Kmieo, Miller, Rossetti, Fennimore, Robinson, Sergeant La Grezales, and Lieutenant K. Cooper in the proper discharge of their duties as police officers."

"(#57): The foregoing acts, omissions and systematic failures amount to customs and policies of defendants. The City, Police Department and Director of police J. Santiago, which proximately caused the false arrest and excessive force visited upon plaintiff resulting in his injuries in violation of 42 U.S.C. §1983." Plaintiff lost this claim to defendants named due to great

7/

carelessness and serious negligence of attorney Hinds.

Count 8: Attorney Hinds's negligence is responsible for plaintiff's lost and loss of his constitutional rights and civil liberty violations resulting from his false arrest and incarcerations on 11/8/04 and 2/7/05 subsequently.

Count 9: Plaintiff can not pursue the John Does I-V police officers for the above claims in plaintiff's present civil complaint.

Count 10: All that remains in plaintiff's present civil complaint are:

1. Claim for the use of excessive force on plaintiff on 11/8/04 by police officers Kurfuss, Kimiec and others;

2. Claim for the use of excessive force on plaintiff on 2/7/05 by the defendants police officers named;

3. Claim for the lack of policy/city and the Trenton Police Department and of the Director of Police, Santiago in his official capacity to track the use of excessive force by the Trenton Police Department for plaintiff's false arrest of 11/8/04.

4. Policy for tracking the use of excessive force for plaintiff's second or retaliatory illegal arrest of 2/7/05 was denied plaintiff by

9

the City of Trenton was not in compliance because the city had instituted or put in place a policy or policies to track the use of Excessive force by Trenton police officers.

Count 11: Because of attorney Hinds negligence, plaintiff's case is stripped now in civil court to only the defendants police officers use of excessive force against plaintiff on 11/8/04 and 2/7/05, and the lack of city policy/policies to track Trenton police officers use of excessive force prior to plaintiff's illegal arrest of 11/8/04.

Count 12: Attorney Hinds animous/Retaliatory Attack on Plaintiff on February 14, 2008.

On Tuesday, February 14, 2008, during plaintiff's 2nd deposition hearing in the conference room at City Hall, Law Division, Trenton, New Jersey, Defendants, particularly, Attorney John Morelli went after plaintiff's personal arrest folders of 11/8/04 and 2/7/05.

Attorney Hinds took my folders from me and made them available to Defendants to photo copy without my permission. He put me out of the deposition room after they all said and admitted that both folders contained all my Trenton Municipal Court citations for my false and illegal arrests of 11/8/04 and 2/7/05.

They all said, (John Morelli, Kimberly M. Wilson, Susan S. Singer) defendants and my attorneys, Lennox S. Hinds and his assistant attorney, Juliette Chiraus (plaintiff's attorneys) that my documents in my folders were official Trenton Municipal Court

9/


documents. My legal sized folder on 1/28/04 contained all my (TMC) citations and court orders for:

1. 11/9/04;
2. 11/23/04;
3. 12/7/04;
4. 12/23/04; and
5. 1/20/05.

All these hearings were conducted by the Honorable (TMC) Judge Louis Sancinito. The 1/20/05 court order read, "dismissed for lack of probable cause and police arrest records/report".

Only the (TMC) orders for 11/9/04, 11/23/04 and 12/7/04 were in my folder after about three or more months of retrieval fight with attorney Hinds.

Defendants, Hinds and Chinappi have a copy each of all my (TMC) orders. Hinds has the original copies.

Kimberly M. Wilson copied my folder in her office. None of these attorneys listed the contents of my folders on record. Why? because the falsified transcript ordered and produced by Kimberly M. Wilson/Defendants of 1/20/05 was already in existence and merged into evi-

10|

dence. (See Exhibit #8), produced 1/26/07. Neither attorney Hinds nor plaintiff request defendant (Kimberly M. Wilson to produce same). She did it on her own in conspiracy with defendants - (John Morelli, Susan S. Singer, Ada Medina, Maric Cosme, Mary L. Polito, Robert Yastembski/prosecutor and TMC Judge Paul D. McLemore.

This sparked the controversy in plaintiff civil case which caused Federal Magistrate Judge, Hon. Bongiovanni to fire, dismiss or relieve him of plaintiff case when plaintiff filed an injunction against Hinds.

During the conference call, three way with Judge Bongiovanni, attorney Hinds refused to tell the Hon. Judge and her Honorable court that the docket #s pertaining to plaintiff's (TMC) criminal complaint (W-2004-007355) and (SF05034763-10-14) were different. (See the origin of (SF05034763-10-14) docket #, Exhibit #9. It was forged or copied from a later complaint dated June 21, '05 which had and has nothing to do with plaintiff's criminal complaint (W-2004-007355) which was dismissed on 1/20/05 at the TMC by Judge Louis Sancinito. (See Exhibit #10, the TMC official dismissal of plaintiff's complaint by Judge Louis Sancinito and not Judge Paul D. McLemore as was submitted into evidence by (TMC) prosecutor Robert Yastembski in his lying or false

111

certification. (See Exhibit #4).

When Judge Bongiovanni asked attorney Hinds why he wouldn't tell the court what happened, he responded by saying, "Your Honor, I don't want to ruin my reputation". This is how come Judge Bongiovanni relieved him of my case without sanctioning him. (See plaintiff's deposition excerpt of 2/14/08, Vol. 2, pp. 17 & 50 through 20 & 50) Exhibit #7

Because of the unethical conduct and behavior of attorney Hinds in this matter, a second controversy had arisen where a new CD from defendants obtained from TMC was forwarded to my last attorney or more recent one, Thomas A. Cunniff claiming word for word in the falsified transcription of Judge Paul D. McLemore and prosecutor Robert Yostembski. (See Exhibit #92).

See Exhibit #13, Thomas A. Cunniff letter to Hinds to retrieve plaintiff's (TMC) orders for Dec 23rd, 04 and 1/20/05.

Now, Judge Sancinito is claiming that Robert Yostembski was not the prosecutor at (TMC) on 1/20/05 when he dismissed plaintiff's criminal complaint (W-2004-007355). He claims it was Lyles Hugh. (See Exhibit #14 the new CD when plaintiff makes a copy).

On June 2nd, 2011, Kimberly M. Wilson and John Morelli played in Hon. Judge Bongiovanni formal courtroom, the voice recordings of (TMC) Judge Paul D. McLemore and (TMC) prosecutor Robert Yostembski. Plaintiff's arraignment hearing for his retaliatory second illegal false arrest was

13/

played to the court there existed a motive and in-
tent to lure Judge Bongiovanni and her Honorable
court to falsely make-believe that these
two referred to above CD recordings were the
CD recordings for all of Plaintiff's transcripts for his
illegal and false arrest of 11/8/04.

Now the Honorable Judge Bongiovanni accor-
ding to my recent attorney Thomas A. Cunniff is
saying that the Judge Bongiovanni is shielding
the testimonies of John Morelli and Kimberly Wil-
son from coming into evidence and the first CD of Judge
Paul B. McLemore and Robert Jozwiaski by saying
that said recordings were not transcribed.

Of course the CD recordings, playing and
testimonies of John Morelli and Kimberly Wilson were
transcribed in Judge Bongiovanni court room by her
chief deputy, Mark Morelli. He played the two CD's
and recorded court session on the big wheel reels.

Present in court were:
1. The Hon. Judge Bongiovanni who sat on her
bench.
2. Defendants
   a. Kimberly M. Wilson
   b. John Morelli

   Plaintiff
   a. Darren M. Gelber, Plaintiff's attorney
   b. Hall M. White, Jr., Plaintiff/Victim

13/

## Damages

1. Damages to plaintiff family
   a. His children
   b. His properties
   c. His income
   
   } to and above the tone of 1-5 million

2. Illness / Health
   a. Injury to plaintiff's head
   b. " " plaintiff's #12 right rib / broken
   c. " " plaintiff's left knee, 12cm calcium bone build-up
   d. Injury to plaintiff's right ankle, big bulge-up
   e. Injury to plaintiff's eyes, multiple surgeries continuing presently
   f. Injury to plaintiff's left hip, fluid in hip, hip bulging out pending surgery
   g. Therapies taken and continuation of therapies
   h. Re-injury of (3) three herniated discs in plaintiff's neck
   i. Injury to plaintiff's right shoulder, surgery taken
   j. Re-injury to plaintiff's left shoulder which he had taking surgery for before these two illegal false arrest.

[14]

k. Psychiatric damages for life Chronic

l-n Post-Traumatic Stress syndrome with multiple disorders

m. Dysfunctional in family and society for life

## Medications

1. Wellbutrin
2. Seroquel
3. Respardol
4. Lipitor
5. Naproxen
6. Celebrex
7. Prevacid
8. omezaprazole
9.

> Your Honor; please advise if certification from another attorney is necessary to say, yes, mal-practice claim exist.
> H.W.

Life time medical damages to the tone of $(1) one million dollars.

### Constitutional and Civil Liberty damages

44 days plus in false imprisonment unlawfully. Incarceration for (22) twenty-two days at the Trenton Psychiatric Hospital (TPH). Plaintiff demands ($1) one million dollars for same. Total settlement/lawsuit demand is ($3) three

15/

~~million dollars and Plaintiff demands Jury Trial.~~

Your Honor, Last Thursday, I had another surgery to my right eye. I'm recovering. Please permit and excuse my handwriting until I can type up same.

Your Honor, please permit me to file this/ my claim as pro-see litigant inorder to protect my right under the six (6) years period of statutory limitation. Please Your Honor grant me time to find an attorney.

If motion(s) is/are necessary I make said motion(s), if not Your Honor then please disregard.

Your Honor, my present civil complaint is approaching trial or nearing completion. Motion is made if it necessary or not to stay this case until my present civil case is resolved, or they both can run concurrently. Which ever you prefer your is fine with me only that I do not have an attorney presently.

Respectfully submitted,
~~Hall M. White~~, Jr., Plaintiff/Pro-see temporarily for filing.
58 Tyrell Ave., Trenton, NJ 08638
609-977-3852 — phone #

/16/