**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALL MC-NEAL WHITE, JR.,<br><br>　　　　　Plaintiff,<br>v.<br><br>LENNOX S. HINDS, ESQ, et al.,<br><br>　　　　　Defendants. | Civil Action No. 13-7441 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　　This matter comes before the Court on the motion of Defendants Lennox S. Hinds, Esq. ("Hinds") and Steven, Hinds & White, PC (collectively, "Defendants"). Defendants move to dismiss Plaintiff Hall Mc-Neal White, Jr.'s ("White" or "Plaintiff") action for lack of subject matter jurisdiction. (ECF No. 10.) Plaintiff filed an affidavit in opposition to Defendants' motion four days after the deadline for the submission.[1] (ECF No. 11.) Defendants replied (ECF No. 12), and Plaintiff filed an unauthorized sur-reply (ECF No. 13).[2] The Court, having considered the parties' arguments, decides the matter without legal argument pursuant to Local Civil Rule 78.1 and grants Defendants' motion to dismiss.

**I.　　Background**

---

[1] Though untimely, the Court will accept Plaintiff's affidavit. *See D'Orazio v. Wash. Twp.*, 501 F. App'x 185, 187 (3d Cir. 2012) (holding that it is within the District Court's discretion to accept late filings).

[2] In their respective submissions, both Plaintiff and Defendants requested that the Court impose sanctions on the other. (Defs.' Reply Br. 5, ECF No. 12; Pl.'s Sur-Reply Br. 2, ECF No. 13.) Since Rule 11 motions for sanctions "must be made separately from any other motion," the Court denies these requests. Fed. R. Civ. P. 11(c)(2).

This case involves a dispute over Hinds's handling, as Plaintiff's attorney, of a prior § 1983 action against police officers, state and municipal officials, and the City of Trenton, New Jersey. In the underlying action, Plaintiff alleged that police deprived him of his Fourth and Fourteenth Amendment rights in a series of encounters. (Am. Compl. ¶¶ 30, 33, 47, 51, 57, *White v. City of Trenton, et al.*, No. 06-5177 (D.N.J. Aug. 14, 2007) ("*White I*"), ECF No. 19.) Hinds represented Plaintiff during *White I* until the court relieved Hinds from his position as counsel in response to "Mr. White's apparent dissatisfaction with counsel and counsel's request to withdraw from [the] matter." (*White I*, ECF No. 73.) In the present case, Plaintiff claims that Hinds violated his constitutional rights by committing legal malpractice while prosecuting the underlying civil rights action. (Compl. 3-9, ECF No. 1.) Plaintiff also claims that Hinds conspired with the defense attorneys in the underlying action to undermine Plaintiff's case and further violate his constitutional rights. (*Id.* at 9-10; Pl.'s Aff. 9-10, ECF No. 11.) Plaintiff requests money damages for these claims. (Compl. 15.)

The following background information addresses only those allegations and facts relevant to the motion under consideration. Plaintiff resides in Trenton, New Jersey. (Compl. 1.) Hinds resides in Somerset, New Jersey. (Defs.' Mot. to Dismiss ¶ 5, ECF No. 10.) Plaintiff concedes that the majority of his claims, namely Counts One to Eleven, are malpractice claims governed by state law. (Pl.'s Aff. 4.) Yet Plaintiff contends that Count Twelve is a § 1983 conspiracy claim and raises a federal question. (*Id.*) He asserts that:

> Defendant Hinds stopped being his attorney, seized his personal folder and delivered it to the Defense Counsel, and moreover, colluded with the Defense counsel to throw Plaintiff out of his own deposition and proceed [sic] to discuss the case without him . . . . The Defendants in the underlying action are state actors. Defendant Hinds colluded with state actors, became an agent of these state actors and therefore as an agent of these state actors, he became a state actor himself.

(*Id.* at 4-5.) Defendants argue that these allegations, even if accepted as true, fail to vest the Court with subject matter jurisdiction. (Defs.' Reply Br. 5-6, 8.)

## II. <u>Legal Standard</u>

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. The party invoking jurisdiction bears the burden of proof. *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). A Rule 12(b)(1) motion may be treated as a factual or facial challenge. *Harris v. Kellogg Brown & Root Servs.*, 724 F.3d 458, 464 (3d Cir. 2013). A facial attack on jurisdiction contests the sufficiency of the pleadings, and the Court accepts the plaintiff's factual allegations as true.[3] *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002). Here, though Defendants contest some of Plaintiff's alleged facts, because the Court finds that jurisdiction is lacking based solely on the pleadings, the Court will treat the motion as a facial attack.[4] (Defs.' Reply Br. 5.)

Generally, if a jurisdictional question is closely related to a case's merits, a court assumes that it has jurisdiction in order to reach the merits on a Rule 12(b)(6) motion; the present case, however, falls within an exception to the default rule, and the Court can dismiss the case pursuant to Rule 12(b)(1) without reaching the merits. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Though often confused in federal question cases, a Rule 12(b)(1) motion should not be

---

[3] Since Plaintiff's affidavit was filed in opposition to the motion to dismiss, it is considered a matter outside of the pleadings. *See Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989). Thus, while it is a "procedural oversight" to consider the affidavit, the Court will do so for the sake of argument because the affidavit merely clarifies Plaintiff's Complaint and because Defendants argue that even with the help of Plaintiff's affidavit, Plaintiff has failed to assert subject matter jurisdiction. *See Animal Sci. Prods. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 702 F. Supp. 2d 320, 365 (D.N.J. 2010), *rev'd on other grounds sub nom. Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469-70 (3d Cir. 2011).

[4] In addition, Defendants have not filed an answer in this case, which precludes the Court's consideration of a factual attack. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 (3d Cir. 1977).

misunderstood as a Rule 12(b)(6) motion because the standards and burdens for each motion differ drastically. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In *Bell v. Hood*, the Supreme Court established the default rule for Rule 12(b)(1) dismissals in cases where the plaintiff alleges a violation of the Constitution or a federal statute:

> Whether the complaint states a cause of action on which relief could be granted is a question of law and . . . it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell*, 327 U.S. at 682. Thus, where a court ultimately finds that a complaint fails to state a claim in such cases, the court must dismiss the claim pursuant to 12(b)(6), *not* 12(b)(1). *See id.* There are, however, two exceptions to this default rule: a court can dismiss a claim on a Rule 12(b)(1) motion if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Gould Elecs., Inc.*, 220 F.3d at 178 (quoting *Bell*, 327 U.S. at 682-83). Here, the Court finds that the instant matter falls within the exception for frivolous claims.

### III. Discussion

#### A. Subject Matter Jurisdiction

Defendants assert that the Court lacks subject matter jurisdiction pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Plaintiff argues that his claim falls under 28 U.S.C. § 1331 because Hinds committed legal malpractice and colluded with state actors during the underlying § 1983 action. Though unclear, this Court reads Plaintiff's complaint and affidavit with great liberality and interprets Plaintiff's argument as an attempt to assert an independent § 1983 claim. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (indicating that a pro se litigant's allegations are to be liberally construed). Yet neither the allegations of legal malpractice nor the allegations of

conspiracy result in a valid § 1983 claim. To succeed on a § 1983 action, "two essential elements must be established: (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or law of the United States." *Cohen v. Philadelphia*, 736 F.2d 81, 83 (3d Cir. 1984). Here, Plaintiff alleges his former attorney acted under the color of state law. However, attorneys are not considered state actors simply because they are acting as officers of the court. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

Indeed, Hinds was not acting under the color of the law. Plaintiff reasons that since the defendants in the prior suit were state actors, it follows that their attorneys were also state actors; thus, Plaintiff argues, Hinds "became a state actor himself" when he "colluded" with the defense attorneys. (Pl.'s Aff. 4-5.) Although private parties may be liable under § 1983 if they participate in a conspiracy with a state official to violate a citizen's constitutional rights, *see Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970), defense counsel in the underlying § 1983 action were not state actors simply because they *represented* state actors. *See Angelico*, 184 F.3d at 277. Accordingly, under the prevailing law, Plaintiff's § 1983 claim is frivolous and without merit.[5]

---

[5] Looking beyond this syllogistic error, Plaintiff's Complaint fails to allege sufficient facts to support a civil conspiracy claim under § 1983. To plead a civil conspiracy claim, a plaintiff must allege facts that "support the existence of the elements of conspiracy: agreement and concerted action." *See Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Conclusory allegations of an agreement in a conspiracy are insufficient; "[i]nstead, specific facts addressing the time the agreement was made, the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy are required." *See Pittman v. Martin*, No. 13-4342, 2014 WL 2727005, at *2 (3d Cir. June 17, 2014). Here, Plaintiff only makes conclusory statements about conspiracy without alleging any facts that support that there was an agreement between co-conspirators.

Plaintiff has also failed to identify any other violation of his constitutional rights. Plaintiff simply repeats that his constitutional rights were violated by the defendants in the underlying § 1983 claim. Plaintiff does, however, allege that Defendants violated his constitutional rights when Hinds caused him to lose his right to sue various defendants in the underlying action. These allegations concern state law legal malpractice claims and have no connection to this Court's jurisdiction under § 1331, and as Plaintiff concedes, legal malpractice claims are more appropriately brought under state law. *See Gunn v. Minton*, 133 S. Ct. 1059, 1063-64 (2013).

Alternatively, Plaintiff argues that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's argument is without merit. The Supreme Court has interpreted § 1332 as requiring complete diversity, so that, "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v Allapattah Servs.*, 545 U.S. 546, 554 (2005). Here, it is undisputed that both Plaintiff and Hinds are residents of New Jersey. The parties are not completely diverse, so the Court does not have diversity jurisdiction.

In the instance where a court's jurisdiction is inextricable from a case's merits, the court may dismiss pursuant to 12(b)(6), not 12(b)(1); in the present case, however, the Court may grant Defendants' 12(b)(1) motion because Plaintiff's claim is frivolous and therefore falls under an exception to the default rule. *See Bell*, 327 U.S. at 682-83. Although Plaintiff has not had the opportunity to amend his Complaint, dismissal is appropriate because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106, 108 (3d Cir. 2002). Indeed, although pro se plaintiffs are allowed to amend inadequate complaints before the court rules

upon a motion to dismiss, *see Roman v. Jeffes*, 904 F.2d 192, 196 n.8 (3d Cir. 1990), the futility exception still applies since it has a long history of being used to dismiss frivolous claims without granting leave to amend, *see Grayson*, 293 F.3d at 112-13. Here, the absence of a state actor makes Plaintiff's § 1983 claim frivolous, and it also means amendment would be futile; thus, dismissal is appropriate. *See Qureshi v. U.S. Citizenship & Immigration Serv.*, No. 08-2281, 2010 WL 1390846, at *3 (M.D. Pa. Mar. 31, 2010), *aff'd Qureshi v. Admin. Appeals Office of U.S. Citizenship & Immigration Servs.*, 408 F. App'x 611 (3d Cir. 2010) (granting a 12(b)(1) motion to dismiss and denying leave to amend because amendment would be futile); *Grayson*, 293 F.3d at 112-13 (3d Cir. 2002); *Palmer-Carri v. Maplewood Police Dep't*, No. 13-02796, 2013 WL 5574693, at *4 (D.N.J. Oct. 9, 2013) (granting a 12(b)(1) motion and dismissing with prejudice because amendment would be futile).

## IV. Conclusion

For the above reasons, the Court grants the Defendants' motion to dismiss with prejudice. An order reflecting this decision accompanies this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: June 15th, 2015